**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIOBHAN FENTON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>– against –<br><br>CRITERION WORLDWIDE and LEWIS MORTON,<br><br>　　　　Defendants. | ECF Case<br><br>1:18-cv-10224 (ER)<br><br>**DECLARATION OF LEWIS MORTON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

I, Lewis Morton, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I am over 18 years of age and I am competent to testify and make this Declaration. The following statements are based on my information, knowledge and belief.

2. I am the Chief Executive Officer of Global Outsourcing, Inc. ("Global") and have been since August 2016.

3. I am not and have never been the owner of Global.

4. Global is an Independent Sales Office ("ISO") that provides sales and marketing services for vendors implementing certain sales campaigns. It was incorporated on July 12, 2016 and began operating as of August 2016.

5. I interviewed and hired Plaintiff Siobhan Fenton ("Plaintiff") to work as an outside sales representative for Global on or around October 16, 2017.

6. Attached hereto as Exhibit 1 is a true and correct copy of the arbitration agreement signed by Plaintiff at the time of her hiring on or around October 16, 2017 (the "First Arbitration Agreement").

7. On or around November 29, 2017, Plaintiff elected to work on the Assurance Wireless marketing campaign. The Assurance Wireless marketing campaign arises from federal government subsidizing provisions of cell phones to low-income subscribers through a program called "Lifeline Assistance." Telecommunications companies that participate in the Lifeline Assistance program engage ISOs like Global to conduct their sales campaigns.

8. As part of the Global's client requirements for the Assurance Wireless campaign, Global sent Plaintiff several agreements to review and sign via email, including a Mutual Agreement to Arbitrate Employment-Related Disputes (the "Second Arbitration Agreement").

9. Meridian is the platform that Global uses to email documents to be signed electronically and it was used when Global emailed Plaintiff the Second Arbitration Agreement. Attached hereto as Exhibit 2 is a true and correct copy of the screenshot generated by Meridian showing that Plaintiff was sent the Second Arbitration Agreement on November 29, 2017.

10. After Global sends an employee documents through the Meridian platform, the employee receives an email prompting them to log in to review and sign the documents listed. Global will only receive the signed documents after the employee has logged in, reviewed, and signed the documents.

11. Global received Plaintiff's signed Second Arbitration Agreement on or about November 29, 2017, a true and correct copy of which is attached hereto as Exhibit 3.

12. Plaintiff resigned from Global in or around January 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2019

_____
Lewis Morton