**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIOBHAN FENTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>– against –<br><br>CRITERION WORLDWIDE and LEWIS MORTON,<br><br>        Defendants. | **ECF Case**<br><br>**1:18-cv-10224 (ER)**<br><br>**DECLARATION OF LEWIS MORTON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

I, Lewis Morton, pursuant to 28 U.S.C. § 1746 declare as follows:

1. I am over 18 years of age and I am competent to testify and make this Declaration. The following statements are based on my information, knowledge and belief.

2. I am the Chief Executive Officer of Global Outsourcing, Inc. ("Global") and have been since August 2016.

3. I am not and have never been the owner of Global.

4. Global is an Independent Sales Office ("ISO") that provides sales and marketing services for vendors implementing certain sales campaigns. It was incorporated on July 12, 2016 and began operating as of August 2016.

5. I interviewed and hired Plaintiff Siobhan Fenton ("Plaintiff") to work as an outside sales representative for Global on or around October 16, 2017.

6. Attached hereto as Exhibit 1 is a true and correct copy of the arbitration agreement signed by Plaintiff at the time of her hiring on or around October 16, 2017 (the "First Arbitration Agreement").

7. On or around November 29, 2017, Plaintiff elected to work on the Assurance Wireless marketing campaign.  The Assurance Wireless marketing campaign arises from federal government subsidizing provisions of cell phones to low-income subscribers through a program called "Lifeline Assistance." Telecommunications companies that participate in the Lifeline Assistance program engage ISOs like Global to conduct their sales campaigns.

8. As part of the Global's client requirements for the Assurance Wireless campaign, Global sent Plaintiff several agreements to review and sign via email, including a Mutual Agreement to Arbitrate Employment-Related Disputes (the "Second Arbitration Agreement").

9. Meridian is the platform that Global uses to email documents to be signed electronically and it was used when Global emailed Plaintiff the Second Arbitration Agreement.  Attached hereto as Exhibit 2 is a true and correct copy of the screenshot generated by Meridian showing that Plaintiff was sent the Second Arbitration Agreement on November 29, 2017.

10. After Global sends an employee documents through the Meridian platform, the employee receives an email prompting them to log in to review and sign the documents listed. Global will only receive the signed documents after the employee has logged in, reviewed, and signed the documents.

11. Global received Plaintiff's signed Second Arbitration Agreement on or about November 29, 2017, a true and correct copy of which is attached hereto as Exhibit 3.

12.  Plaintiff resigned from Global in or around January 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2019

_____
Lewis Morton

# Exhibit 1

EXHIBIT B

## MUTUAL ARBITRATION OF ALL CLAIMS POLICY

As an expeditious and economical way to settle employment disputes without the need to go through the courts, Employer and Employee agree to resolve disputes between them which may arise out of or relate to Employee's application or candidacy for employment, employment, or termination of employment with Employer through binding arbitration under this Mutual Arbitration of All Claims Policy ("Policy").Employment with Employer is a voluntary relationship for no definite period of time, and nothing in this Policy or any other Employer document constitutes an express or implied contract of employment for a definite period of time. This Policy does not in any way alter the "employment at will" relationship between Employee and Employer.

### NATURE OF DISPUTE

Employer and Employee agree that all claims, disputes, controversies, or disagreements of any kind whatsoever arising out of Employee's application or candidacy for employment, employment, or termination of employment with the Employer, and which may have occurred prior to or after entering into this arbitration agreement (other than claims Employee may have for workers' compensation, unemployment insurance benefits, claims in which Employee is a member of a certified class at the time of acknowledging this Policy, or claims which by statute are not arbitrable), shall be submitted to binding arbitration. Employer and Employee agree that the requirement to arbitrate shall also apply to any claim that may arise out of or relate to Employee's employment and which Employee may assert against Employer's employees, officers, directors, agents, suppliers or service providers, whether an individual or entity. Employer and Employee consent to the joinder and participation in the arbitration proceeding of parties, who are not parties or signatories to this Policy, including but not limited to Employer's employees, officers, directors, agents, suppliers, service providers, or any other essential party relevant to a full and complete settlement of any dispute arising out of Employee's application or candidacy for employment, employment, or termination of employment with the Employer and which may have occurred prior to or after entering into this arbitration agreement and arbitrated under this Policy.

The arbitrator has exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this binding arbitration policy.

### CONTROLLING LAW

Employer and Employee agree that all claims shall be submitted to final and binding arbitration, by a single arbitrator, in the county and state of the nearest office of the American Arbitration Association ("AAA") where the Employee worked for Employer, according to the provisions of the Employment Arbitration Rules of the AAA then in effect and the substantive law of the Federal Arbitration Act ("FAA"). In the event of any inconsistency between the FAA and the Employment Arbitration Rules of the AAA, the FAA will prevail. The Employment Arbitration Rules of the AAA are provided herewith and incorporated herein as **Schedule 1.**

### CONDUCT OF ARBITRATION

The party requesting arbitration agrees to be responsible for initiating arbitration with the AAA and

the failure to request arbitration by a party having a claim against the other party within the applicable state or federal statutory time limit for filing the claim shall result in the party waiving the claim and all rights to raise the claim in any forum. When the claim is filed with AAA, Employee shall pay the nonrefundable Employee filing fee, and Employer shall pay the nonrefundable Employer filing fee, as set by the AAA Employment Arbitration Rules then in effect. Employer shall pay all other costs unique to arbitration, such as the arbitrator's compensation. Each party will otherwise bear his/her/its own expenses, such as attorney's fees, if any.

Each party shall be entitled to discovery in accordance with the AAA Employment Arbitration Rules.

**NO RIGHT TO JURY TRIAL AND WAIVER OF CLASS ACTION, COLLECTIVE, AND REPRE-SENTATIVE ACTIONS**

The arbitrator will have no authority to consider a class, collective, or representative action by one or more employees. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. The award of the arbitrator shall be in writing and may be enforced in any court of competent jurisdiction. **BY ACCEPTING EMPLOYMENT WITH EMPLOYER, OR CONTINUING TO REMAIN EMPLOYED BY COMPANY, EMPLOYEE AND EMPLOYER ARE EACH GIVING UP HIS/HER/ITS RIGHT TO A JURY TRIAL AND HIS/HER/ITS RIGHT TO PAR-TICIPATE IN A CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION BECAUSE ALL CLAIMS WILL BE RESOLVED EXCLUSIVELY THROUGH ARBITRATION. EMPLOYEE AND EMPLOYER AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN HIS/ HER/ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF, REPRESENTATIVE EMPLOY-EE, SIMILARLY SITUATED EMPLOYEE, OR CLASS MEMBER IN ANY PURPORTED CLASS, COLLECTIVE, OR REPRESENTATIVE PROCEEDING. NEITHER EMPLOYEE NOR EMPLOY-ER SHALL BE ENTITLED TO ANY RECOVERY FROM A CLASS, COLLECTIVE, OR REPRE-SENTATIVE ACTION.**

**RIGHT TO INJUNCTION**

Although all claims arising between the parties are subject to arbitration, unless otherwise prohibited by applicable law, each party retains the right to file, in a court of competent jurisdiction, an application for provisional injunctive relief and shall not be obligated to post a bond or other security in seeking such relief unless specifically required by law. Although a court may grant provisional injunctive relief, the arbitrator shall at all times retain the power to grant permanent injunctive relief, or any other final remedy.

**BY ACCEPTING EMPLOYMENT WITH EMPLOYER, OR CONTINUING TO REMAIN EM-PLOYED BY COMPANY, YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, UNDER-STOOD, AND AGREE TO BE BOUND BY THE TERMS OF THIS MUTUAL ARBITRATION OF ALL CLAIMS POLICY. YOU FURTHER ACKNOWLEDGE RECEIPT OF THE AAA EMPLOY-MENT ARBITRATION RULES ATTACHED AS SCHEDULE 1.**

Signed By: _Swthen M. Tent_          Date: _16/16/17_

# Exhibit 2

## Bundle Details     ✖

Viewed at [Wednesday, November 29, 2017 8:43:29 AM PST]

Harassment Discrimination Retaliation (except CA) (Version:2, Fields:2)
Viewed at [Wednesday, November 29, 2017 8:43:50 AM PST]

Commission Schedule (Version:2, Fields:66)
Viewed at [Wednesday, November 29, 2017 8:44:21 AM PST]

Assurance Wireless SOP (Version:1, Fields:0)
Viewed at [Wednesday, November 29, 2017 8:44:56 AM PST]

Mutual Arbitration Agreement (all except CA) (Version:4, Fields:5)
Viewed at [Wednesday, November 29, 2017 8:45:37 AM PST]

Bundle Generated On:          Wednesday, November 29, 2017 8:28:41 AM PST

Bundle Signed On:             Wednesday, November 29, 2017 8:46:01 AM PST

Bundle Signed Timestamp:      Wednesday, November 29, 2017 8:46:01 AM PST

| Emailed Date | Emailed To Address | Email From |
|---|---|---|
| Wednesday, November 29, 2017 8:28:42 AM PST | siobhan.fenton@gmail.com | New Document |
| Wednesday, November 29, 2017 8:46:01 AM PST | siobhan.fenton@gmail.com | Documents Signed |

# Exhibit 3

**Mutual Agreement to Arbitrate Employment-Related Disputes**

**This Mutual Agreement to Arbitrate Employment-Related Disputes (called the "Arbitration Agreement") is an agreement between you ("Employee") and Global Outsourcing ("Employer" or "Company"), which sets out your rights and the rights of Company in connection with the resolution of employment-related dispute.  You have the right to ask independent advisors of your choice, including lawyers, to explain this Arbitration Agreement to you if that is your choice, but you are not required to do so.**

**Employment with Employer is a voluntary relationship for no definite period of time, and noting in this Arbitration Agreement or any other Employer document constitutes an express or implied contract of employment for a definite period of time.  This Arbitration Agreement does not in any way alter the "employment at will" relationship between Employer and Employee.**

1.     Mandatory Arbitration.

Employer and Employee agree that any claim, complaint, or dispute that arises out of or relates in any way to the Parties' employment relationship including but not limited to Employee's application or candidacy for employment, employment, or termination of employment, whether based in contract, tort, federal, state, or municipal statute, fraud, misrepresentation, or any other legal theory, shall be submitted to binding arbitration to be held in the county and state of the nearest office of the American Arbitration Association ("AAA") where Employee worked for Employer, and administered by the AAA in accordance with its Employment Arbitration Rules and Mediation Procedures (the "Rules") applicable at the time the arbitration is commenced. A copy of the current version of the Rules is attached hereto as **Exhibit A**. The Rules may be amended from time to time and are also available online at **https://www.adr.org/sites/default/files/Employment%20Rules.pdf.** You can also call the AAA at **1-800-778-7879** if you have questions about the arbitration process. If the Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and is governed by the Federal Arbitration Act, 9 U.S.C. §1, et seq. ("FAA"). In the event of any inconsistency between the FAA and the Rules, the FAA will prevail.

The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the enforceability or formation of this Agreement and the arbitrability of dispute between the parties. The Arbitrator's decision shall be in writing and final and binding upon the Employer and Employee. Nothing in this provision shall preclude Parties from seeking provisional remedies in aid of arbitration, including preliminary injunctive relief, from a court of competent jurisdiction. Although a court may grant provisional injunctive relief, the arbitrator shall at all times retain the power to grant permanent injunctive relief, or any other final remedy.

A party may be awarded any damages available in a court of law on the Claims presented and deceived by the arbitrator to which an individual in his or her individual capacity would be entitled; no remedies otherwise available to an individual in a court of law are waived, or given up, under this Arbitration Agreement.

2.     Covered Claims.

This Agreement to arbitrate covers all grievances, disputes, claims, or causes of action (collectively, **"claims"**) that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to Employee's application or candidacy for employment, employment with the Employer and the termination thereof, including claims Employee may have against the Employer or against its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, or that the Employer may have against Employee. Employer and Employee consent to the joinder and participation in the arbitration proceeding of parties, who are not parties or signatories to this Arbitration Agreement, including but not limited to Company's suppliers, services providers, clients, or any other essential party relevant to a full and complete settlement of any dispute arising out of or relating to Employee's application or candidacy for employment, employment, or termination of employment with the Employer and which may have occurred prior to or after entering into this arbitration agreement and arbitrated under this Arbitration Agreement.

The claims covered by this Agreement include, but are not limited to, claims for breach of any contract or covenant (express or implied), tort claims, claims for wages or other compensation due, claims for wrongful termination (constructive or actual), claims for discrimination or harassment (including, but not limited to, harassment or discrimination based on race, age, color, sex, gender, national origin, alienage or citizenship status, creed, religion, marital status, partnership status, military status, predisposing genetic characteristics, medical condition, psychological condition, mental condition, criminal accusations and convictions, disability, sexual orientation, or any other trait or characteristic protected by federal, state, or local law), claims for violation of any federal, state, local, or other governmental law, statute, regulation, or ordinance, including, but not limited to, all claims arising under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act, as amended, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended, the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act, all of their respective implementing regulations and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise).

3.      <u>Claims Not Covered</u>. Claims not covered by this Agreement are claims for workers' compensation, unemployment compensation benefits, or any other claims that, as a matter of law, the Parties cannot agree to arbitrate. Nothing in this Agreement shall be interpreted to mean that Employee is precluded from filing complaints with state administrative agencies, and/or the federal Equal Employment Opportunity Commission and National Labor Relations Board.

4.      <u>Waiver of Class Action and Representative Action Claims</u>. Except as otherwise required under applicable law, Employee and Employer expressly intend and agree that: (a) class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement; (b) each will not assert class action or representative action claims against the other in arbitration or otherwise; and (c) to the extent not otherwise permitted in this Arbitration Agreement, Employee and Employer shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. Further, Employee and Employer expressly intend and agree that any claims by the Employee will not be joined, consolidated, or heard together with claims of any other employee. Notwithstanding anything to the contrary in the Rules and the general grant of authority to the arbitrator in Section 1 of the power to determine issues of arbitrability, the arbitrator shall have no jurisdiction or authority to compel any class or collective claim, to consolidate different arbitration proceedings, or to join any other party to an arbitration between Employer and Employee.

5.      <u>Waiver of Trial by Jury</u>. The Parties understand and fully agree that by entering into this Agreement to arbitrate; they are giving up their constitutional right to have a trial by jury, and are giving up their normal rights of appeal following the rendering of the arbitrator's award except as applicable law provides for judicial review of arbitration proceedings.

6.      <u>Claims Procedure</u>. Arbitration shall be initiated upon the express written notice of either party. The aggrieved party must give written notice of any claim to the other party. Written notice of an Employee's claim shall be e-mailed to the Employer's President at lewis.morton@live.co.uk (**"Notice Address"**). Written notice of the Employer's claim will be mailed to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. All Claims brought in arbitration are subject to the same statutes of limitation as they would be in court.

7.      <u>Arbitrator Selection</u>. The Arbitrator shall be selected as provided in the Rules.  Employee has the right to have a claim or controversy decided by a neutral arbitrator and be represented by an attorney of Employee's choice, present witnesses for Employee's behalf and introduce evidence for Employee's behalf.

8.      <u>Discovery</u>. Each party shall be entitled to discovery in accordance with the Rules.  The Arbitrator shall have the authority to set deadlines for completion of discovery. The Arbitrator shall decide all discovery disputes.

9.    Substantive Law. The Arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted. Claims arising under federal law shall be determined in accordance with federal law.

10.    Motions. The Arbitrator shall have jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to set deadlines for filing motions for summary judgment, and to set briefing schedules for any motions. The Arbitrator may allow the filing of a dispositive motion if the Arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case. The Arbitrator shall have the authority to adjudicate any cause of action, or the entire claim, pursuant to a motion for summary adjudication and in deciding the motion, shall apply the substantive law applicable to the cause of action.

11.    Compelling Arbitration/Enforcing Award. Either party may ask a court to stay any court proceeding, to compel arbitration under this Agreement, and to confirm, vacate, or enforce an arbitration award. Judgment on the award rendered by the arbitrator shall be in writing and may be entered in any court having jurisdiction thereof.

12.    Arbitration Fees and Costs. Employer shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement. The Arbitrator shall resolve any dispute as to the reasonableness of any fee or cost that may be awarded under this paragraph.

13.    Term of Agreement. This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified in writing signed by both Parties that specifically states an intent to revoke or modify this Agreement and is signed by Employer's President.

14.    Severability. If any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and such adjudication shall not affect the validity of the remainder of this Agreement to arbitrate.

15.    No Retaliation.  Employer will not tolerate retaliation against you in connection with you asserting a right under this Arbitration Agreement.  If you believe that anyone at Employer has retaliated against your or in any manner misled or coerced you in connection with you asserting a right under or opting out of this Arbitration Agreement, you should report such events to the President of Company immediately.

16.    Voluntary Agreement. By executing this Agreement the Parties represent that they have been given the opportunity to fully review, and comprehend the terms of this Agreement. The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement.  Further by accepting employment with Employer, or  continuing to remain employed by Employer, you are acknowledging that you have read, understood, and agree to be bound by the terms of this mutual Arbitration Agreement.  You further acknowledge receipt of the Rules attached as Exhibit A.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

| By: Siobhan Fenton | By: |
|---|---|
| Employee Name:<br>Siobhan Fenton | President<br> Lewis Morton |
| Date:<br>11/29/2017 08:46:01 AM PST | Date:<br>11/29/17 |