UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

SIOBHAN FENTON, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

CRITERION WORLDWIDE and LEWIS MORTON,

                Defendants.

**ORDER**

18 Civ. 10224 (ER)

RAMOS, D.J.:

      Plaintiff Fenton brought this action on November 2, 2018 against Criterion Worldwide and Lewis Morton for unpaid overtime wages and violations of minimum wage provisions under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and violations of wage notice and recordkeeping requirements under the NYLL. Compl., Doc. 1. On March 27, 2020, the Court granted Defendants' motion to compel arbitration and dismissed claims against Criterion. Doc. 26. Pending before the Court is the parties' application for the Court's approval of their Settlement Agreement. Doc. 33.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining

between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

Plaintiff estimates that if she fully recovered on her claims, she could recover about $27,235.84 in damages and penalties.  In support she proffers calculations showing the number of hours she worked per week, her money owed in unpaid wages and overtime based on her alleged amount paid, and statutory damages pursuant to NYLL § 198(1)(b) and §198(1)(d) for the wage notice and wage statement violations.  Based on this figure, the parties propose a net settlement amount of $7,500.  The parties note that there are several bona fide disputes in this case that create a risk for Plaintiff were she to proceed with litigation in the case.  *See* Doc. 33 at 3-4 (observing that Defendants both dispute the Complaint's factual allegations and argue that Plaintiff was a non-exempt employee).  In light of these litigation risks, the Court finds that this settlement amount is fair and reasonable under the circumstances.  *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 07228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount reflected a "reasonable compromise of disputed issues").

Plaintiff indicates that she would receive $3,521.92 of the settlement amount and her counsel would receive $2,354.62, which represents 40% of the settlement with costs deducted, or about 31% with costs included.[1]  Doc. 33 at 4.  This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."  *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement *net of costs*."  *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (emphasis added).

(S.D.N.Y. Jan. 2, 2019) (citation omitted). "Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.*

"The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). Here, however, the parties have not submitted Plaintiff's counsel's billing records or hourly rates, so there is no basis on which the Court can perform this cross check and assess the reasonableness of the fees. *See Nights of Cabiria*, 96 F. Supp. 3d at 181-82 (requiring the submission of contemporaneous billing records for the Court to assess the proper lodestar).

The Court finds that the settlement agreement is otherwise reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges only claims relating to this case. *See id.* at 177–81. The Court will not, however, approve the settlement unless the parties correct the deficiency identified above. The parties may proceed in one of the following ways:

- Submit a revised agreement to the Court on or before **December 16, 2020**. The submission shall provide Plaintiff's counsel's billing records.

- File a joint letter on or before **December 16, 2020**, that indicates the parties' intention to abandon settlement.

- Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:  December 9, 2020
        New York, New York

EDGARDO RAMOS, U.S.D.J.