UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

SIOBHAN FENTON, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

CRITERION WORLDWIDE and LEWIS MORTON,

                Defendants.

**ORDER**

18 Civ. 10224 (ER)

Ramos, D.J.:

    Plaintiff Fenton brought this action on November 2, 2018 against Criterion Worldwide and Lewis Morton for unpaid overtime wages and violations of minimum wage provisions under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and violations of wage notice and recordkeeping requirements under the NYLL.  Compl., Doc. 1.  On March 27, 2020, the Court granted Defendants' motion to compel arbitration and dismissed claims against Criterion.  Doc. 26.  On December 9, 2020, the Court denied the parties' application for approval of their proposed settlement because it did not include Plaintiff's counsel's billing records.  Doc. 34.  Pending before the Court is Plaintiff's supplemental letter in support of the parties' proposed settlement agreement, which includes these billing records.  Doc. 35.

    As discussed in the December 9 Order, Plaintiff estimates that if she fully recovered on her claims, she could recover about $27,235.84 in damages and penalties.  However, the parties proposed a net settlement amount of $7,500, citing several bona fide disputes that created a risk for Plaintiff were she to proceed with litigation in the case.  *See* Doc. 33 at 3-4.  Plaintiff's counsel would also receive about 31% of the settlement amount in attorney's fees, which the Court found reasonable as a percentage.  However, the Court requested the submission of counsel's billing records to cross-check the attorneys' fees amount of $2,354.62.

"The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). The billing records show hourly rates of $450 per hour for partners and between $200 and $250 per hour for associates and paralegals. These are within the reasonable range of fees approved in this District. *See, e.g.*, *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"). Plaintiff's counsel reasonably spent about 88 hours on this case, and the lodestar comes to $28,595.00. Doc. 35-1 at 6. The attorney's fees amount thus comes to less than 10% of the lodestar. This is well below presumptively problematic lodestar amounts that have been previously rejected in this district. *See e.g.*, *Lazo*, 2019 WL 95638, at *2-3 (collecting cases in which awards greater than 2 times the lodestar were rejected). The attorneys' fees amount is thus reasonable.

The Court finds that the proposed Agreement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the Agreement. The Court hereby dismisses the case with prejudice. The clerk of court is respectfully directed to close the case.

It is SO ORDERED.

Dated:  December 29, 2020
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.